IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILL ROBERTSON BROWN, 03641-043, ) | |
|   ) | |
| Petitioner, ) | |
|   ) | |
| vs.   ) | CIVIL NO. 14-cv-00097-DRH |
|   ) | |
| JEFFREY S. WALTON, ) | |
|   ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, an inmate in the Federal Correctional Institution located in Marion, Illinois ("FCI-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner challenges his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his actual innocence. This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**I. Background**

On October 6, 2003, petitioner pled guilty to being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1, p. 3). *United States v. Brown*, Case No. 02-cr-00065-WJG-1 (S.D. Miss.).[1] On January 14, 2004, the United States District Court for the Southern District of Mississippi sentenced petitioner to 188 months of imprisonment as an armed career criminal under 18 U.S.C. § 924(e)(1). He did not appeal his conviction or sentence. However, on December 3, 2009, petitioner sought relief pursuant to 28 U.S.C. § 2255 (Doc. 29, criminal case). His petition was denied as untimely on April 27, 2010 (Doc. 34, criminal case).

Before filing the petition at issue here, petitioner filed two other habeas petitions[2] pursuant to 28 U.S.C. § 2241. *See Brown v. Hollingsworth*, Case No. 10-cv-630-JPG (S.D. Ill. 2010) (Doc. 1); *see also Brown v. Roal-Warner*, Case No. 11-cv-479-DRH (S.D. Ill. 2011) (Doc. 1). Both were summarily dismissed. *Brown v. Hollingsworth*, Case No. 10-cv-630-JPG (S.D. Ill. 2010) (dismissed October 18, 2010) (Doc. 4); *Brown v. Roal-Warner*, Case No. 11-cv-479-DRH (S.D. Ill. 2011) (dismissed February 22, 2012) (Doc. 5). The present petition now sets forth

---

[1] In order to determine petitioner's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[2] In his first § 2241 petition, petitioner claimed that he did not qualify as an armed career criminal because: (1) a 2007 amendment to the United States Sentencing Guidelines, Amendment 709, changed the manner in which prior convictions should be treated and, under Amendment 709, petitioner did not have enough prior convictions; (2) even if Amendment 709 did not apply to his case, petitioner contended that under *Buford v. United States*, 532 U.S. 59 (2001), several of his convictions were "functionally" a single conviction; and (3) a conviction for third degree arson should not have counted as a qualifying conviction under recent Supreme Court decisions. *See Brown v. Hollingsworth*, Case No. 10-cv-630-JPG (2010) (Doc. 1; Doc. 4, p. 2). In his second § 2241 petition, petitioner challenged his security classification and information contained in his pre-sentence investigation report. *See Brown v. Roal-Warner*, Case No. 11-cv-479-DRH (2011) (Doc. 1; Doc. 4, p. 3).

additional grounds for relief from petitioner's conviction, which this Court has not yet addressed (Doc. 1, pp. 1-2).

## II.  Habeas Petition

According to the present petition, petitioner entered into a plea agreement with the United States Attorney's office on October 6, 2003 (Doc. 1, p. 3).  As part of the agreement, petitioner pled guilty to a violation of 18 U.S.C. § 922(g)(1).  At the time, a Notice of Prior Violent Felony Convictions was already on file with the Court.  Although the plea agreement did not indicate whether petitioner would be subject to a sentence enhancement based on his prior convictions, the Court ultimately sentenced petitioner to 188 months of imprisonment as an armed career criminal under 18 U.S.C. § 924(e) (Doc. 1, pp. 3-4).  The sentencing court made this determination based on the following convictions: (1) burglary and arson on June 11, 1986; (2) aggravated assault on April 6, 1992; (3) third degree arson on March 6, 1993; and (4) felon in possession of a firearm on March 6, 1993 (Doc. 1, pp. 4-5).

Petitioner now claims that he is actually innocent of being an armed career criminal who is subject to an enhanced sentence under 18 U.S.C. § 924(e) (Doc. 1, pp. 2, 7).  In support of this claim, petitioner asserts that the predicate offenses (i.e., burglary and arson) relied upon by the trial court in imposing the enhanced sentence no longer qualify as "violent" crimes under the analytical framework most recently set forth by the United States Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013) (Doc. 1, pp. 2, 7, 13).  Because his

burglary and arson convictions are not violent crimes within the meaning of the ACCA, petitioner claims that they cannot sustain his conviction as an armed career criminal. The erroneous application of the mandatory ACCA is, according to the petition, a "fundamental sentencing defect" that has resulted in a miscarriage of justice (Doc. 1, p. 5).

### III.   Discussion

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must

demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

The Court is aware of developing law in this area, which includes the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). The Court is also mindful of petitioner's detailed arguments in support of his petition. Without commenting on the merits of petitioner's claim, the Court concludes that the petition survives preliminary review under Rule 4 and 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. Accordingly, petitioner shall be allowed to proceed with his claim against Warden Walton at this time.

### IV. Filing Fee

Petitioner filed this habeas action on January 27, 2014. The case was

opened without payment of the $5.00 filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("Motion and Affidavit"). On January 27, 2014, the Clerk advised petitioner of his obligation to pay the $5.00 filing fee or to file a Motion and Affidavit within thirty days, i.e., by February 26, 2014 (Doc. 2). The Clerk provided petitioner with a copy of the Motion and Affidavit. Petitioner was also instructed to have the Trust Fund Officer at his facility complete the attached certification and provide the Court with a copy of his trust fund account statement (or institutional equivalent) for the period July 27, 2013, to January 27, 2014. To date, petitioner has not responded. Petitioner is advised that failure to pay the $5.00 filing fee or file a Motion and Affidavit by February 26, 2014, may result in the imposition of sanctions, including dismissal of this action or a ban on filing future petitions for writ of habeas corpus in this Court.

## V. Disposition

**IT IS HEREBY ORDERED** that respondent Jeffrey S. Walton shall answer or otherwise plead within thirty (30) days of the date this order is entered (on or before March 24, 2014).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. See SDIL-EFR 3.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for disposition for further pre-trial proceedings.

**IT IS ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 22nd day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.22 06:49:03 -06'00'

**Chief Judge**
**United States District Court**