IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILL ROBERTSON BROWN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil No.  14-cv-97-CJP[1] |
| ) | |
| **JEFFREY S. WALTON,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Will Robertson Brown's petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is now before the Court.

Petitioner was sentenced as an armed career criminal (ACC) under 18 U.S.C. § 924(e). He argues that in light of *Descamps v. United States*, **133 S. Ct. 2276 (2013)** he is actually innocent of his enhanced sentence because the sentencing court failed to appropriately analyze the statutory elements of his prior convictions.

### Relevant Facts and Procedural History

In October 2003, petitioner pleaded guilty to a charge of felon in possession of a firearm in the Southern District of Mississippi. The sentencing court determined he had three or more qualifying violent felonies and, in 2004, he received an enhanced sentence of 188 months imprisonment pursuant to the

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 12.

Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e). As set forth in the petition, Doc. 1, Brown's prior convictions were of burglary, aggravated assault, and two counts of arson. Petitioner's first count of arson was in the second degree, and the second count was in the third degree. See, *United States v. Will Robertson Brown*, Case No. 08-65-WJG, Doc. 34 (S.D. Ms., 2010). Petitioner did not appeal.

In 2009, Brown filed his §2255 petition, primarily claiming he was actually innocent of the ACCA enhanced sentence because he did not have three prior violent felonies. *Id*. at Doc. 29. In April 2010, the Southern District of Mississippi found the petition to be untimely and it was denied. Petitioner did not appeal.

In January 2014, Brown filed the §2241 petition currently before the Court. He alleges he is actually innocent of the ACCA enhanced sentence because the sentencing court failed to appropriately analyze the statutory elements of his burglary and arson convictions. He relies on the Supreme Court's holding in *Descamps* to overcome the conditions found in *In re Davenport*, **147 F.3d 605, 611 (7th Cir. 1998).** He argues that the sentencing court failed to use the modified categorical approach when determining his prior convictions qualified for enhanced sentencing. Brown also argues his arson offenses were non-violent property crimes and should not have been used to enhance his sentencing.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are

2

limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him. A §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to only one challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction

3

as having been imprisoned for a nonexistent offense." *Davenport* **at 611.**

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, **719 F.3d 583, 586 (7th Cir. 2013).** See also, *Brown v. Rios*, **696 F3d 638, 640 (7th Cir. 2012).**

## Analysis

Brown argues that his claims meet the savings clause of 28 U.S.C. §2255(e). In order to fit within the savings clause, the remedy provided by §2255 must be "inadequate or ineffective to test the legality of his detention." Petitioner recognizes that, in order to show that §2255 is inadequate or ineffective to test the legality of his detention, he must show that he relies on a new legal theory that he could not have presented in a motion under §2255.

Brown believes the Supreme Court's holding in *Descamps* created a new theory of statutory interpretation that applies retroactively and could not have been invoked during his initial §2255. In *Descamps*, the Supreme Court addressed how sentencing courts determine what qualifies as a violent felony for purposes of 18 U.S.C. §924(e). The Court held that the "categorical approach"

must be used "when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, **133 S. Ct. at 2282**. Petitioner argues that the *Descamps* holding means Mississippi's divisible burglary and arson statutes should have been analyzed under a modified categorical approach. However, as respondent correctly contends, the court in *Descamps* did not create new statutory interpretation for divisible statutes, but rather reaffirmed their existing approach.

The Supreme Court first held that divisible statutes should be analyzed under the modified categorical approach in *Taylor v. United States*, **110 S. Ct. 2143 (1990).** This holding was well before Brown could have filed a timely §2255 petition. The Court in *Descamps* even stated that the rule regarding the modified categorical approach was "all but resolve[d]" by prior precedent, namely *Taylor*. *Descamps*, **133 S. Ct. 2279.** It is clear Mississippi's burglary statute has a divisible set of elements and falls under the holding in *Taylor*. Miss. Code Ann. §97-17-33. Petitioner could have raised this argument in a timely filed §2255 and therefore his claim regarding burglary does not fit under the savings clause of 28 U.S.C. §2255(e).

In essence, petitioner wants the Court to look at the facts surrounding his arson convictions to determine they did not qualify as predicate offenses. That is beyond the scope of this Court's role and therefore cannot be entertained. Furthermore, because petitioner's second degree arson conviction accompanied his burglary conviction, and burglary alone serves as an ACCA predicate violent

5

felony, this Court does not have to address petitioner's second degree arson arguments.

With regard to petitioner's third degree arson conviction, he fails to demonstrate how the sentencing court erred in applying the ACCA. The rule created in *Descamps*, that courts should not use the modified categorical approach in analyzing an indivisible statute, is irrelevant with regard to petitioner's third degree arson claim. Mississippi's third degree arson statute reads

> Any person who willfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any personal property. Miss. Code. Ann. 97-17-7

Contrary to petitioner's claim, this statute is seemingly indivisible and matches both the Fifth and Seventh Circuit's definition of generic arson. *See, United States v. Velex-Aldrete,* **569 F.3d 541, 546 (5th Cir. 2009),** (stating the generic definition of arson involved the "willful and malicious burning of property"); *United States v. Misleveck*, **735 F.3d 983, 988 (7th Ci. 2013),** (concluding the generic definition of arson involves "intentional or malicious burning of any property"). Petitioner does not argue that the court used the modified categorical approach in applying the ACCA, which would be the only way *Descamps* could be applicable. It appears as though the sentencing court did exactly what was required when it looked at petitioner's convictions, not the facts of each conviction, and determined plaintiff had the requisite three prior violent crimes. Since petitioner's claim for habeas relief does not rely on a change in the law that

6

postdates his first §2255 motion it must fail.

The fact that petitioner's motion was not timely filed does not serve to make the §2255 remedy inadequate or ineffective. A petitioner cannot "lever his way into section 2241 by *making* his section 2255 remedy inadequate…." **Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007)**(emphasis in original). See also, **Hill v. Werlinger, 695 F. 3d 644, 648-649 (7th Cir. 2012)**, holding that §2255 is not inadequate or ineffective where the claim could have been presented in a direct appeal or a §2255 motion.

## Conclusion

Respondent's Motion to Dismiss (Doc. 22) is GRANTED.

Will Robertson Brown's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 1) is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATE:   March 6, 2015.


s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**