IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILL ROBERTSON BROWN,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Civil No.  14-cv-097-CJP[1] |
| | ) |
| **JEFFREY S. WALTON** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on Petitioner's Motion to Vacate Under Fed.R.Civ.P. 59(e), 60(b), or Both.  **(Doc. 30).**

The Court dismissed Brown's petition for habeas corpus under 28 U.S.C. §2241 because the petition did not fit within the savings clause of 28 U.S.C. 2255(e).  Judgment was entered on March 9, 2015, See, Docs. 28 & 29.  Brown's motion was filed within 28 days of the entry of judgment, so the motion will be considered under Rule 59(e).  *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014).

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence."  *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).  Here, the motion states only that petitioner "respectfully disagrees with the Court's

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 12.

1

analysis."[2]   This is obviously insufficient for relief under Rule 59(e).

Petitioner's Motion to Vacate Under Fed.R.Civ.P. 59(e), 60(b), or Both **(Doc. 30)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  May 8, 2015.**


                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[2] Petitioner also stated that he would file a brief in support of his position.  It has been thirty days since the filing of the motion, and he has not done so.

2